# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 18-cr-00051 (SRN/LIB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Bernard Brandon Mims, | |
| Defendant. | |

Benjamin Bejar and Thomas Calhoun-Lopez, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Brian Toder, Chestnut Cambronne PA, 17 Washington Avenue North, Suite 300, Minneapolis, MN 55401, and Katherine Roe, Office of the Federal Defender, 300 South 4th Street, Suite 107, Minneapolis, MN 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

Defendant Bernard Brandon Mims ("Mims") moves to withdraw his guilty plea. In the absence of a fair and just reason to grant withdrawal, the Court denies Mims's motion.

## I.  Factual and Procedural Background

By way of the Indictment, Mims was charged with these crimes: 1) Conspiracy to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin (Count 1), 2) Distribution of a mixture and substance containing a detectable amount of heroin (Counts 2–29), and 3) Possession with intent to distribute a

1

mixture and substance containing a detectable amount of heroin (Counts 30–32 and Counts 45–46).[1] (Indictment [Doc. No. 1].)

Before trial, Mims requested that the United States submit all of the heroin seized to a laboratory for testing. (Second Mot. for Discovery and Inspection [Doc. No. 190].) The United States did so and agreed to provide the results of any tests when they were completed. (Resp. by USA to Defs.' Pretrial Mot. [Doc. No. 207].) Eventually, Mims withdrew his pre-trial motion requesting the laboratory results because he agreed to plead guilty to Count 1. (Letter to Magistrate Judge Re Withdrawal of Pretrial Mot. [Doc. No. 238].)

Mims was offered a plea agreement in exchange for his guilty plea to Count 1, with an advisory Guidelines range of 120 to 135 months' imprisonment. (Mims Plea Agreement [Doc. No. 268].) On September 6, 2018, Mims accepted the offer and pled guilty to Count 1. (September 6, 2018 Minute Entry [Doc. No. 261].) At that hearing, the Court engaged in a thorough Rule 11 plea colloquy—advising and questioning Mims in regard to the rights he would give up by entering a guilty plea, (*see* Sept. 9, 2018 Change of Plea Hr'g Tr. at 5:22–9:3); determining that there was a factual basis for the plea, (*id.* at 16:14–19:6.); and finding that Mims entered the plea voluntarily, (*id.* at 19:18–24). Mims then pled guilty, (*id.* at 19:25–20:2.) and the Court accepted his plea, (*id.* at 20:3–

---

[1] Mims was charged with conspiracy to distribute heroin in violation of 21 U.S.C §§ 841(a), 841(b)(1)(A), 846 and distribution of heroin in violation of 21 U.S.C §§ 841(a)(1), 841(b)(1)(C).

12.) About a week after the entrance of his guilty plea, Mims filed this motion to withdraw his guilty plea. (Mot. to Withdraw Plea of Guilty [Doc. No. 287].)

Carlos Nashun Coleman ("Coleman"), a co-defendant, was also charged with conspiracy to distribute and distribution of heroin. (Indictment at 2–4.) The Government ultimately offered Coleman the option to plead guilty to the distribution count. (Coleman Plea Agreement [Doc. No. 282].) Coleman's Guidelines range for this offense was 188 to 235 months imprisonment. (*Id.* at 4.) Coleman accepted the plea agreement and pled guilty at his change of plea hearing on September 13, 2018. (*Id.* at 6.)

## II. Discussion

### A. Legal Standard for Withdrawal of Guilty Plea

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting withdrawal." "While the standard is liberal, the defendant has no automatic right to withdraw a plea." *United States v. Ramirez–Hernandez,* 449 F.3d 824, 826 (8th Cir. 2006) (citation omitted). In evaluating whether a defendant can establish a fair and just reason, "[the] court must consider 'whether the defendant asserts his innocence of the charge, the length of time between the guilty plea and the motion to withdraw it, and whether the government will be prejudiced if the court grants the motion.'" *Id.* (quoting *United States v. Nichols,* 986 F.2d 1199, 1201 (8th Cir. 1993)). As noted by the Eighth Circuit, "'[t]he plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same.'" *United States v. Lawhorn,* 735 F.3d 817, 820 (8th Cir. 2013) (quoting *United*

3

*States v. Thompson,* 906 F.2d 1292, 1298 (8th Cir. 1990)). Thus, "'[w]hen a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise.'" *United States v. Goodson,* 569 F.3d 379, 382 (8th Cir. 2009) (quoting *United States v. Morrison,* 967 F.2d 264, 268 (8th Cir. 1992)).

    B.    **Analysis**

Mims makes two arguments to support his withdrawal motion—1) that there were insufficient facts to create a factual basis for the guilty plea, and 2) that there was an additional promise from the Government, not contained within the plea agreement, that the Government failed to honor.

First, Mims alleges that the Government failed to prove, through drug seizures, that there was more than one kilogram of heroin involved in the conspiracy, which is a required element of the crime alleged in Count 1 of the Indictment. (Def.'s Supplemental Mem. of Law in Supp. of His Mot. to Withdraw Guilty Plea [Doc. No. 309] at 2.) The Government responds that it gave notice to Mims's counsel that it would seek to prove drug quantity through a variety of evidence, not merely drug seizures alone. (Def. Ex. F at 1.) Here, the drugs seized by the Government did not reflect the scale of the drug trafficking offense. (*Id.*) In such a case, "the court shall approximate the quantity of the controlled substance[s]" for sentencing purposes. U.S.S.G. § 2D1.1, n.12. The court can do so based on the "quantity from the drugs and money actually seized," but also from any other facts that "reasonably support[] a factual finding," *United States v. Duckworth,* 945 F.2d 1052, 1054 (8th Cir. 1991), even "imprecise evidence,"

4

*United States v. Roach,* 164 F.3d 403, 413 (8th Cir. 1998). Some of this evidence could be "recorded calls involving drug transactions, . . . testimony of those involved in the conspiracy, [or] . . . testimony of the investigating officers . . . ." *United States v. Frazier*, 280 F.3d 835, 856 (8th Cir. 2002). And it may "consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).

Here, the Government told Mims's counsel that it planned on proving drug quantity in a number of ways.[2] (Def. Ex. F at 1.) Specifically, the Government divulged that it was planning on using heroin seized attributable to Mims, heroin seized attributable to Mims's co-conspirators, money seized from Mims, wiretap communications, physical surveillance evidence, and statements from confidential informants and cooperating defendants. (*Id.*) The Government's use of this evidence to prove the quantity of drugs is perfectly valid under the law. *See Duckworth,* 945 F.2d at 1054.

---

[2] Mims asserts that he was deprived of an opportunity to ascertain the quantity of heroin, which he claims is a constitutional violation according to *Brady v. Maryland*, 373 U.S. 83, 87 (1963). (Def.'s Supplemental Mem. of Law in Support of His Mot. to Withdraw Guilty Plea at 4.) Mims's motion for discovery and inspection regarding this issue stated two requests: that the government (1) submit all of the confiscated heroin to laboratory testing for quantity and (2) identify the specific transactions that allow calculation of the amount of heroin. (Second Mot. for Discovery and Inspection at 2.) But Mims withdrew the motion before this Court had ruled. (Letter to Magistrate Judge Re Withdrawal of Pretrial Mot.) As such, the Government's failure to provide the lab tests for each heroin sale that it was planning on introducing at trial is not a violation under *Brady*.

5

Before compiling the evidence to support the drug quantity in this case, Mims admitted to conspiring to distribute more than one kilogram of heroin in his plea agreement. (Mims Plea Agreement at 2.) Mims could have waited until the lab results came back and could have pursued his pretrial motion before he chose to plead guilty. Mims could have made his plea conditional on the results of the testing of drug quantity. Yet Mims declined to do so. He admitted each element of the charge in his change of plea. (Sept. 9, 2018 Change of Plea Hr'g Tr. at 16:14–19:6) He confirmed that he was guilty of conspiracy to distribute over one kilogram of heroin. (*Id.* at 18:17–21.) "Mr. Calhoun-Lopez [Government]: Do you stipulate and agree then, sir, that for purposes of sentencing you are responsible for conspiring to distribute between 1 and 3 kilograms of heroin. The Defendant: Yes." (*Id.*)

Second, Mims argues that the government failed to deliver on its "promise" that Coleman would plead guilty to Count 1 as well. (Def.'s Supplemental Mem. of Law in Supp. of His Mot. to Withdraw Guilty Plea at 2.) It is true that the Government did tell Mims's counsel that "Coleman and Mims are receiving equal deals."[3] (Def. Ex. A.) (Sept. 9, 2018 Change of Plea Hr'g Tr. at 15:3–6.). But at his change of plea hearing, Mims agreed, under oath, that he had not based his plea agreement on any outside

---

[3] Coleman's original plea agreement contemplated a guilty plea as to Count 1. (Gov't Ex. 1.) As part of this plea, Coleman's Guideline range would have been between 168 to 210 months' imprisonment. (*Id.*) Later, all counsel realized that Coleman qualified as a "career offender" under U.S.S.G. § 4B1.1. (Coleman Plea Agreement at 4.) Because the resulting Guideline range for Count 1 would have increased dramatically, beyond what the parties had contemplated, the United States proposed an amendment to Coleman's plea agreement allowing Coleman to plead guilty to distribution of heroin. (*Id.*)

promises. "The Court: Other than what's in this plea agreement, has the Government or anyone else made any promises to you to get you to plead guilty? The Defendant: No, Your Honor." (*Id.*)

Mims's two arguments in support of withdrawing his plea of guilty are unpersuasive. Ultimately, Mims understood that he was entering into a guilty plea from which he could not withdraw. (*Id.* at 3:1–3, 9: 4–7.) "[E]ven a swift change of heart after the plea does not constitute a fair and just reason to grant withdrawal." *United States v. Morrison*, 967 F.2d at 268 (internal citation omitted). Indeed, a defendant's "post-plea claim[] of factual insufficiency . . . [is] unavailing." *United States v. Jones*, 111 F.3d 597, 601 (8th Cir. 1997).

### III. Conclusion

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Withdraw Plea of Guilty [Doc. No. 287] is **DENIED.**

Dated: October 15, 2018        s/

                                            SUSAN RICHARD NELSON
                                            United States District Judge