# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>                Plaintiff,<br><br>v.<br><br>Bernard Brandon Mims,<br><br>                Defendant. | Case No. 18-cr-00051(2) (SRN/LIB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Thomas Calhoun-Lopez and Benjamin Bejar, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, for Plaintiff.

Bernard Brandon Mims, Reg. No. 21470-041, FCI-Elkton, P.O. Box. 10, Lisbon, OH 44432, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on Defendant[1] Bernard Brandon Mims' Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 622], and his Pro Se Amended § 2255 Motion [Doc. No. 630]. Based on a review of the file, record, and proceedings therein, and for the reasons set forth below, the Court denies Mims' motions.

---

[1]     Although Mr. Mims brings his § 2255 motions as the petitioner, because his motions are docketed in his criminal file, 18-cr-51(2) (SRN/LIB), the Court refers to him by name or as "Defendant" throughout this Order.

1

## I. BACKGROUND

### A. District Court Proceedings

In March 2018, the Government charged Mr. Mims with one count of conspiracy to distribute one kilogram or more of heroin (Indictment [Doc. No. 1] Count 1), and over 30 counts of heroin distribution or possession. (*Id.*, Counts 2–29, 30–32, 45–46). The Government charged a total of twelve defendants, including Mr. Mims, with participating in the conspiracy. The Court appointed attorney Brian Toder to represent Mr. Mims. (Order Appointing Atty. [Doc. No. 87].)

Before trial, Mr. Mims requested that the United States submit all of the seized heroin to a laboratory for testing. (Second Mot. for Discovery & Inspection [Doc. No. 190].) The United States submitted the drugs for testing and agreed to provide any test results when they were available. (Gov't's Resp. to Defs.' Pretrial Mot. [Doc. No. 207].) Later, because Mr. Mims agreed to plead guilty to the conspiracy charge in Count 1 of the Indictment, he withdrew his pretrial motion requesting the laboratory results. (Aug. 21, 2018 Letter to Magistrate Judge [Doc. No. 238].)

The Government offered Mr. Mims a plea agreement (the "Plea Agreement") in exchange for his guilty plea to Count 1, with an advisory Sentencing Guidelines range of 120 to 135 months' imprisonment. (Plea Agmt. [Doc. No. 268].) At the September 6, 2018 hearing at which Mr. Mims pleaded guilty to the conspiracy count, he gave sworn testimony. (*See* Sept. 6, 2018 Plea Hr'g Tr. [Doc. No. 472] at 3.) The Court asked Mr. Mims whether he was satisfied with the legal services of counsel. (*Id.* at 6.) Under oath, Mr. Mims stated that he was. (*Id.*) The Court then engaged in a thorough colloquy with

Mr. Mims, advising and questioning him in regard to the rights he would relinquish by pleading guilty. (*Id.* at 6–10.)

Counsel for the Government then reviewed and summarized the provisions of the Plea Agreement, including the provisions concerning the waiver of Defendant's right to file pretrial motions, and the understanding that the Plea Agreement constituted "the entire agreement" between the parties. (*Id.* at 14–15.) Mr. Mims agreed that the summary was accurate. (*Id.* at 16.) The Court also asked Mr. Mims whether the Government or anyone else had made him any promises, other than the provisions contained in the Plea Agreement, "to get [him] to plead guilty," to which Mr. Mims replied, "No, Your Honor." (*Id.*)

In addition, Counsel for the Government discussed with Mr. Mims the factual basis for his guilty plea. (*Id.* at 17–20.) Mr. Mims agreed that, for purposes of sentencing, he was "responsible for conspiring to distribute between one and three kilograms of heroin." (*Id.* at 19.) In addition, he admitted to "knowingly, intentionally, and voluntarily conspire[ing] with others to distribute more than one kilogram of heroin in the State and District of Minnesota." (*Id.* at 19–20.)

The Court asked Mr. Mims whether he was "making this plea voluntarily and of [his] own free will," to which he replied, "Yes, Your Honor." (*Id.* at 20.) In response to the Court's question as to whether anyone had forced, coerced, or done any violence to Mr. Mims or his family to induce him to plead guilty, he stated, "No, Your Honor." (*Id.*) He then pleaded guilty, and the Court accepted his plea. (*Id.* at 21.)

Shortly thereafter, in September 2018, Mr. Mims, through his counsel, Mr. Toder, moved to withdraw his guilty plea. (*See* Doc. Nos. 287–89].) He argued that he was not actually responsible for conspiring to distribute more than one kilogram of heroin, and that the Government had "enticed" him into pleading guilty by promising that his co-defendant Carlos Nashun Coleman ("Mr. Coleman") would plead guilty to Count 1 as well. (Def.'s Mem. Supp. Mot. Withdraw Plea [Doc. No. 288] at 2–5.) In opposition to Mr. Mims' motion, the Government stated that when it initially informed Mr. Toder that Mr. Coleman would plead guilty to Count 1, that was an accurate statement of the understanding between the Government and Mr. Coleman at that time. (Gov't's Opp'n to Mot. to Withdraw [Doc. No. 298] at 2.) However, when the Government later determined that Mr. Coleman qualified as a career offender under U.S.S.G. § 4B1.1, the Government agreed to allow Mr. Coleman to plead guilty to a distribution count, for which the Sentencing Guidelines range was 188 to 235 months. (Coleman Plea Agmt. [Doc. No. 282] at 4.) Mr. Coleman accepted the terms of his plea agreement and pleaded guilty.

After a hearing on Mr. Mims' motion to withdraw his guilty plea, and the filing of supplemental briefing, the Court denied the motion. (Oct. 15, 2018 Am. Order [Doc. No. 317].) The Court observed that the Government had informed Mr. Mims' counsel of its plans to prove the quantity of heroin in the following ways: using the seized heroin that was attributable to Defendant, as well as the seized heroin that was attributable to his co-conspirators, and using money seized from Defendant, wiretap communications, physical surveillance evidence, and statements from confidential informants and cooperating defendants. (*Id.* at 5.) The Court noted that under the law, the use of such evidence to

4

prove the quantity of drugs was perfectly valid. (*Id.*) (citing *United States v. Duckworth*, 945 F.2d 1052, 1054 (8th Cir. 1991)). In addition, the Court found that Mr. Mims had admitted to each element of the conspiracy charge at the hearing on his guilty plea, and had disavowed that anyone, including the Government, had made any promises in order to get him to plead guilty. (*Id.* at 6–7.) Moreover, the Court found, "Mims understood that he was entering into a guilty plea from which he could not withdraw." (*Id.* at 7.)

In advance of sentencing, Mr. Mims filed his Position on Sentencing Memorandum [Doc. No. 458], requesting that the Court sentence him to a term of 120 months, which was at the lowest range of the applicable Sentencing Guidelines, and the lowest sentence within the range contemplated by the Plea Agreement. In his memorandum, he also stated that while he had had an arguable basis for seeking to withdraw his guilty plea, after receiving "additional briefing, testing, and clarification of some of the later discovery produced, [Mims] was convinced that indeed there was more than one kilogram of heroin involved in the conspiracy." (Def.'s Sentencing Pos. Mem. at 1–2.) On March 7, 2019, the Court sentenced Mr. Mims to a term of imprisonment of 120 months, which was the minimum mandatory sentence. The Government had requested a sentence of 135 months, at the top of the sentencing range. (Gov't's Position on Sentencing [Doc. No. 459] at 1.)

**B. Direct Appeal**

On March 11, 2019, through counsel, Mr. Mims filed an appeal with the Eighth Circuit Court of Appeals. (Notice of Appeal [Doc. No. 464].) On March 25, 2019, Mr. Mims filed a Pro Se Motion to Correct Sentencing [Doc. No. 487] in this Court. In his pro se motion, Mr. Mims argued that he had not been competent to enter a guilty plea because

he suffered from "temporary mental illness" at the time of his plea, and he accused the Government of lying to him about the weight of the drugs in question. (Pro Se Mot. to Correct at 1–3.) He asserted that his compromised mental state at the plea hearing caused him to admit to conspiring to distribute more than a kilogram of heroin, and to state that no other promises had been made to induce him to plead guilty. (*Id.*)

In May 2019, Mr. Toder filed an appeal memorandum with the Eighth Circuit, along with a motion to withdraw as appointed counsel. (*United States v. Mims*, No. 19-1568, Appellant's Brief & Mot. to Withdraw (8th Cir. May 8, 2019).) In the appellate brief submitted by counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), Mr. Mims argued that remand was warranted to determine whether Mr. Mims was competent to plead guilty. *See United States v. Mims*, 782 Fed. App'x 513, 514 (8th Cir. 2019). The Eighth Circuit held Mr. Toder's motion to withdraw in abeyance, and permitted Mr. Mims to file a supplemental brief. (*Mims*, No. 19-1568, Clerk Order (8th Cir. May 8, 2019).) Mr. Mims' supplemental appellate filing, filed as "Appellant's Addendum," consisted of this Court's Sentencing Judgment, and Mr. Mims' March 25, 2019 Pro Se Motion to Correct Sentencing filed in this Court. (*Mims*, No. 19-1568, Appellant's Addendum (8th Cir. May 8, 2019).) Again, in the pro se motion, Mr. Mims raised the issue of his competence to plead guilty and argued that the heroin in question weighed less than one kilogram. (Pro Se Mot. to Correct at 1–3.)

The Eighth Circuit found no clear error in this Court's finding that Mr. Mims was competent to plead guilty. *Mims*, 782 Fed. App'x at 513. Furthermore, the Eighth Circuit independently reviewed the record and found no non-frivolous issues for appeal. *Id*. at

514. Accordingly, it granted Mr. Toder's motion to withdraw. *Id.* (citing *Penson v. Ohio*, 488 U.S. 75 (1988)).

### C. § 2255 Motion

On February 24, 2020, Mr. Mims filed the instant § 2255 motion and accompanying memorandum, asserting claims of ineffective assistance of counsel. (Def.'s § 2255 Mot. [Doc. No. 622], Grounds 1 & 2.) He argues that his counsel was ineffective for: (1) "failing to ask the Court to hold the government to its promise, and the government's attorney committed misconduct by both making a promise to petitioner that they failed to keep, as well as other false and misleading representations that induced petitioner to plead guilty"; and (2) "advis[ing] him to plead guilty prior to acquiring and reviewing the discovery." (*Id.*) The Government filed a response in opposition to Mr. Mims' § 2255 motion [Doc. No. 628].

Within the time period for filing a reply memorandum, Mr. Mims filed his Pro Se Amended § 2255 Motion [Doc. No. 630]. In his Amended Motion, Mr. Mims raises one new argument and reasserts or replies to his prior arguments. In his new argument, Mr. Mims asserts that Mr. Toder was also ineffective in his role as appellate counsel for failing to raise on appeal "the Court's error for denying Mims' Motion to Withdraw his plea," and for failing to raise on appeal the issue regarding the drug weight. (Def.'s Am. § 2255 Mot. at 2, 4) (stating, "Mims' contention related to drug weight was clearly plead[ed] in his motions. So again, for appellate counsel to fail to raise the district court's ruling on direct appeal . . . shows [ineffective assistance].") As to his prior § 2255 arguments, Mr. Mims reasserts that defense counsel was ineffective for not obtaining full discovery before

7

"inducing Mims to enter [his] guilty plea," (*id.* at 5–6), and, alternatively, for not "enter[ing] Mims into a conditional plea [based] on [the] results of the testing of drug quantity." (*Id.* at 6.)

The Court finds that Mr. Mims' Motion to Amend supplements his § 2255 motion and also serves as his reply memorandum. Therefore, the Court will consider the merits of all of his arguments. The Court further finds that the February 24, 2020 § 2255 motion and the April 20, 2020 amended § 2255 were timely filed within one year of the date on which his judgment of conviction became final.[2] 28 U.S.C. § 2255(f)(1).

## II. DISCUSSION

Section 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or

---

[2] Under a provision of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applicable to habeas corpus petitions, a one-year statute of limitations begins to run on the latest of four alternative dates set forth in 28 U.S.C. § 2255(f). The date on which Mr. Mims' limitations period began to run is the "date on which the judgment became final." 28 U.S.C. § 2255(f)(1); (*see also* Def.'s § 2255 Mot. ¶ 18.) The Eighth Circuit issued its judgment and denied Mr. Mims' appeal on October 29, 2019 [Doc. No. 615], following which he had 90 days in which to seek a writ of certiorari from the Supreme Court. Sup. Ct. R. 13(1), (3) (stating that a petition for certiorari must be filed within 90 days after the appellate court's judgment (and not the mandate) is entered). When Mr. Mims did not seek certiorari, his conviction and sentence became final on January 27, 2020, i.e., 90 days after entry of the Eighth Circuit's judgment. *Clay v. United States*, 537 U.S. 522, 524 (2003) (holding that for federal criminal defendants who do not file a petition for certiorari with the Supreme Court on direct review, their judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction). Accordingly, Mr. Mims' deadline to file a § 2255 motion will expire one year later on January 27, 2021.

correct the sentence.

28 U.S.C. § 2255(a).

While § 2255 generally affords relief, it is only available in limited circumstances. As the Eighth Circuit has stated, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *Walking Eagle v. United States*, 742 F.3d 1079, 1081–82 (8th Cir. 2014) (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). The petitioner bears the burden of proof as to each ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019) (citing *Kress v. United States*, 411 F.2d 16, 20 (8th Cir. 1969)).

### A. Ineffective Assistance of Trial Counsel

Within the context of § 2255, to establish ineffective assistance of counsel, a movant must satisfy the "heavy burden" of the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). *Apfel*, 97 F.3d at 1076. Under *Strickland*, "a convicted defendant must prove both that his counsel's representation was deficient and that the deficient performance prejudiced the defendant's case." *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988).

To establish deficient performance, the movant must demonstrate that counsel's performance was "outside the range of professionally competent assistance," *Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997), such that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Judicial review of counsel's performance is "highly deferential," involving "a strong presumption

that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689–90.  In analyzing counsel's performance, a defendant must show that counsel's errors were not the result of "reasonable professional judgment." *Id*. at 690.

To establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  To satisfy a showing of prejudice in cases involving guilty pleas, the defendant must show that "there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *York v. Lockhart*, 856 F.2d 61, 63 (8th Cir. 1988) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).  However, "[c]ourts should not upset a guilty plea simply because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019) (citing *Lee v. United States*, __U.S. __, 137 S. Ct. 1958, 1967 (2017)), *cert. denied*, 140 S. Ct. 871 (2020).  Rather, "[j]udges should . . . look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* (citing *Lee*, 137 S. Ct. at 1967).

### 1. Holding the Government to its "Promise"

Mr. Mims argues that counsel rendered ineffective assistance "for failing to ask the Court to hold the [G]overnment to its promise." (Def.'s § 2255 Mot., Ground 1; Def.'s § 2255 Mem. [Doc. No. 623] at 8.)

The facts belie Mr. Mims' claim that his counsel failed to argue about the Government's representations.  Mr. Toder filed Mims' motion to withdraw his guilty plea, in which he argued that Mr. Mims had been "enticed" into pleading guilty by the

Government's representation that Mr. Coleman would also plead to Count 1 and would offer evidence about the weight of the heroin. (Def.'s Mem. Supp. Mot. to Withdraw at 2–5.) And at the hearing on the motion to withdraw, Mr. Toder presented this argument orally. (Sept. 28, 2018 Hr'g Tr. [Doc. No. 469] at 2–6.) Therefore, Mr. Mims fails to meet the first prong under *Strickland* of demonstrating that his counsel's performance was deficient for failing to present an argument that he did, in fact, present. The mere fact that Mr. Toder's reasonable argument was unsuccessful does not mean that his performance was deficient. *See, e.g., Flieger v. Delo*, 16 F.3d 878, 886 (8th Cir. 1994) (noting that trial counsel's reasonable trial strategies cannot constitute ineffective assistance, even if they are unsuccessful). In fact, at the plea hearing, Mr. Mims stated under oath that he was satisfied with Mr. Toder's legal services. (Sept. 6, 2018 Plea Hr'g Tr. at 6.)

Nor can Mr. Mims show prejudice. He asserts that he based his guilty plea on an outside promise from the Government. (See Def.'s § 2255 Mem. at 6) ("If not for this false representation by the government, the petitioner would not have entered a plea of guilty). Even if one construes Mr. Mims' position to include his counsel's recommendation that he plead guilty, the record refutes his claim, however. As the Court previously found when denying Mr. Mims' motion to withdraw his guilty plea, "at his change of plea hearing, Mims agreed, under oath, that he had not based his plea agreement on any outside promise." (Oct. 15, 2018 Am. Order at 6–7.) Mr. Mims cannot show that but for his counsel's alleged ineffective assistance, there is a reasonable probability of a different outcome. *Strickland*, 466 U.S. at 694. He cannot show, under these facts, that but for counsel's ineffective assistance, he would not have pleaded guilty and would have instead gone to trial,

11

especially since by pleading guilty, he received a favorable sentence at the lowest end of the Guidelines range. In sum, Mr. Mims' post-hoc claim that false promises caused him to plead guilty is clearly contradicted by his contemporaneous, sworn statements at the plea hearing. There, he testified that his decision to plead guilty was entirely voluntary and was not the product of any promises. (Sept. 6, 2018 Plea Hr'g Tr. at 16, 21.) Accordingly, this ground for relief fails.

### 2. Counsel's Review of Discovery

Mr. Mims also argues that his counsel provided ineffective assistance by advising him to plead guilty prior to receiving and reviewing full lab reports documenting the weight of the seized heroin. (Def.'s § 2255 Mot., Ground 2; Def.'s § 2255 Mem. at 9–10; Def.'s Am. § 2255 Mot. at 4–5.) Relatedly, he argues that counsel could have instead advised him to enter into a conditional plea, pending the production of the lab reports. (Def.'s Am. § 2255 Mot. at 6–7.) Mr. Mims also contends that prejudice is "easily established" by the lower sentence received by Mr. Coleman, whom Mr. Mims describes as the ringleader. (*Id.* at 7–8.)

Failing to "discover mitigating evidence may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel." *United States v. Vazquez-Garcia*, 211 Fed. App'x 544, 546 (8th Cir. 2007) (citing *Kramer v. Kemna*, 21 F.3d 305, 309 (8th Cir. 1994) (quotations omitted)). However, even if the failure to await full lab results prior to advising a defendant to plead guilty or enter into a conditional plea does not meet an objective standard of reasonableness, the defendant still needs to substantially show that but for the failure to obtain the lab results, "there is a reasonable

probability" of a different outcome. *Id.* (citing *Kramer*, 21 F.3d at 309) (quotations omitted).

Mr. Mims does not meet this standard. At his plea hearing, Mr. Mims stated his understanding that by pleading guilty, he was relinquishing his right to file pretrial motions, including any claims that the Government failed to give him materials or that law enforcement violated his rights in some way. (Sept. 6, 2018 Plea Hr'g Tr. at 9–10.) Also at his plea hearing and while under oath, Mr. Mims freely admitted to his involvement in a conspiracy involving over one kilogram of heroin. (*Id.* at 19.) And, in his Sentencing Position memorandum, he acknowledged that since the time of his unsuccessful effort to withdraw his guilty plea, and with the benefit of additional briefing, testing, and clarification of some of the later-produced discovery, he was "convinced that indeed there was more than one kilogram of heroin involved in the conspiracy." (Def.'s Sentencing Pos. Mem. at 1–2.)[3]

The Court therefore rejects Mr. Mims' claim of ineffective assistance based on counsel's alleged failure to review full lab reports prior to advising him to plead guilty. He cannot show that but for counsel's alleged failure to obtain lab results or advise him to enter into a conditional plea, there was a reasonable probability of a different outcome.

---

[3]   The Court also rejects Mr. Mims' argument that he can show prejudice simply because Mr. Coleman ultimately received a lower sentence than Mr. Mims. The terms of Mr. Coleman's plea agreement contemplated a Guidelines range of 188 to 235 months—a longer range than the 120 to 135 months contemplated in Mr. Mims' Plea Agreement. (*Compare* Coleman Plea Agmt. [Doc. No. 282] ¶ 6 *with* Mims Plea Agmt. ¶ 6.) The fact that the Court ultimately sentenced Mr. Coleman to a lower sentence than Mr. Mims was based on numerous individual factors, such that the two defendants were not similarly situated.

### 3. Appellate Advocacy

Finally, Mims contends that Mr. Toder rendered deficient appellate assistance. (Def.'s Am. § 2255 Mot. at 2–4.) He faults Mr. Toder for not challenging the Court's denial of his motion to withdraw his guilty plea. (*Id.*)

As noted, at sentencing, Mr. Mims conceded that the Government had sufficient evidence to establish the one kilogram total weight of heroin at issue in the conspiracy. (Def.'s Sentencing Pos. Mem. at 1–2.) Given this admission, Mr. Toder could not present a contrary argument on appeal. However, after raising the issue of Mims' competence to plead guilty and seeking leave to withdraw as counsel in an *Anders* brief, Mr. Toder filed Mr. Mims' pro se supplemental memorandum, as directed by the Eighth Circuit. (*Mims*, No. 19-1568, Clerk Order (8th Cir. May 8, 2019) (directing the clerk to file Mims' *Anders* brief, and stating "Appellant is granted permission to file a pro se supplemental brief raising any additional issues he wishes the court to consider."). In the supplemental memorandum, Mr. Mims himself raised the issue of "flagrant prosecution misconduct" regarding the weight of the heroin. Although the Eighth Circuit confined its discussion on appeal to the question of whether Mr. Mims had been competent to plead guilty, it also "independently reviewed the record"—which included Mr. Mims' pro se supplemental argument about the total weight of the heroin—and found that there were no "non-frivolous" issues for appeal. *Mims*, 782 Fed. App'x at 514.

In light of these facts, the Court finds no deficient appellate representation and no prejudice to Mr. Mims. Accordingly, Mr. Mims' claim of ineffective assistance of appellate counsel fails.

**B. Prosecutorial Misconduct**

Along with the ineffective assistance claim that Mr. Mims alleges in Ground One of his § 2255 Motion, he also alleges that counsel for the Government committed prosecutorial misconduct. (Def.'s § 2255 Mot., Ground 1; *see also* Def.'s § 2255 Mem. at 9) ("Petitioner also alleges that the government committed misconduct.") The Eighth Circuit applies a two-part test to determine whether prosecutorial misconduct has occurred: "first, the prosecutor's conduct or remarks must have been improper, and second, the remarks or conduct must have prejudicially affected the defendant's substantial rights by depriving the defendant of a fair trial." *Graves v. Ault*, 614 F.3d 501, 507–08 (8th Cir. 2010).

Mr. Mims argues that counsel for the Government should have known that the numbers "concerning the drug amount were incorrect.[4] Further, the prosecutor knew or should have known that Mr. Coleman was a career criminal when they negotiated the plea agreement." (Def.'s § 2255 Mem. at 9.) Instead, Mr. Mims argues, counsel for the Government used "false facts" to induce him into pleading guilty and to "manipulate [defense] counsel" despite "kn[owing] that they did not have a full kilogram of cocaine." (*Id.*)

As the Court has observed, the Government initially told Mr. Mims that he and Mr.

---

[4] The Court assumes that Mr. Mims refers to an argument made by Mr. Toder at the hearing on Defendant's motion to withdraw his guilty plea that counsel for the Government's information concerning the weight of the heroin seizures included the weight of the packaging and therefore did not accurately reflect the drug weight. (*See* Sept. 28, 2018 Hr'g Tr. at 3.)

15

Coleman would both receive offers in which they agreed to plead guilty to Count 1. (Oct. 15, 2018 Am. Order at 6–7 & fn. 3.) However, Mr. Coleman's counsel and counsel for the Government realized, on September 11, 2018, that Mr. Coleman qualified as a career offender, and therefore, faced a significantly longer sentence than contemplated by the parties. (*Id.*) Out of fairness to Mr. Coleman, his plea offer was renegotiated, and he pleaded guilty to a distribution count that carried a Guidelines range of 188 to 235 months' imprisonment. (Coleman Plea Agmt. ¶ 6.) The Government did not deliberately mislead Mr. Mims into accepting the Plea Agreement.

In addition, the Government intended to establish the total weight of the heroin involved in the conspiracy in a number of ways—not just by weight alone—which would have been perfectly valid under the law. (Oct. 15, 2018 Am. Order at 5) (citing *Duckworth*, 945 F.2d at 1054). And regardless of any earlier inaccuracies in providing the weight of the seized heroin, at his plea hearing, Mr. Mims admitted that the conspiracy involved more than one kilogram of heroin, (Sept. 6, 2018 Plea Hr'g Tr. at 19–20), and he ultimately conceded that the Government possessed the evidence necessary to establish the requisite total weight of the heroin, stating, "[N]ow having had the benefit of the additional briefing, testing, and clarification of some of the later discovery produced, defendant is convinced that indeed there was more than one kilogram of heroin involved in the conspiracy." (Def.'s Sentencing Pos. Mem. at 1–2.)

As to prejudice, Mr. Mims disavowed that he was coerced or forced into accepting the plea offer. (Sept. 6, 2018 Plea Hr'g Tr. at 20.) He cannot show that the Government's conduct prejudicially affected his substantial rights by causing him to plead guilty.

Accordingly, there is no basis for a finding of prosecutorial misconduct. This argument therefore fails to provide Mims any relief under § 2255.

### C. Evidentiary Hearing

A § 2255 motion may be dismissed without a hearing if: (1) Defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Moreover, where the record includes all of the information necessary for the court to rule on the motion, an evidentiary hearing is unnecessary. *Covey v. United States*, 377 F.3d 903, 909 (8th Cir. 2004) (citations omitted). Applying this standard to the allegations and the record, the Court finds that Mr. Mims fails to meet the requirements identified in *Delgado*, 162 F.3d at 983, and the record here includes all the information necessary for the Court to rule. *Covey*, 377 F.3d at 909. Accordingly, no evidentiary hearing is required.

### D. Certificate of Appealability

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This Court has considered whether the issuance of a certificate is appropriate here and finds that no issue raised is "debatable among reasonable jurists." *Flieger*, 16 F.3d at 882–83 (citing *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of

appealability.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Mr. Mims' Motion to Vacate under 28 U.S.C. § 2255 [Doc. No. 622] is **DENIED**.

2. Mr. Mims' Pro Se Amended § 2255 Motion [Doc. No. 630] is **DENIED**.

3. The Court **DECLINES** to issue a Certificate of Appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 20, 2021                                s/Susan Richard Nelson
                                                                          SUSAN RICHARD NELSON
                                                                          United States District Judge